# In the United States Court of Federal Claims
### OFFICE OF SPECIAL MASTERS
No. 14-885V
Filed: October 2, 2015
Unpublished

---

| | | |
|---|---|---|
| JOSEPH LEE DURAN, | * | |
| | * | |
| Petitioner, | * | Joint Stipulation on Damages; |
| | * | Attorneys' Fees and Costs; |
| | * | Influenza ("Flu") Vaccine; Guillain |
| v. | * | Barre Syndrome ("GBS"); Special |
| SECRETARY OF HEALTH | * | Processing Unit ("SPU") |
| AND HUMAN SERVICES, | * | |
| | * | |
| Respondent. | * | |

---

*Jeffrey S. Pop, Jeffrey S. Pop, Attorney at Law, Beverly Hills, CA*, for petitioner.
*Claudia Gangi, U.S. Department of Justice, Washington, DC*, for respondent.

## DECISION ON JOINT STIPULATION AWARDING DAMAGES AND ATTORNEYS' FEES AND COSTS [1]

**Dorsey**, Chief Special Master:

On September 22, 2014, Joseph Lee Duran filed a petition for compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10, *et seq.*,[2] [the "Vaccine Act" or "Program"]. Petitioner alleges that as the result of an influenza ["flu"] vaccination on November 12, 2013, he suffered from Guillain Barre Syndrome ["GBS"]. Petition, at 1; Stipulation, filed October 1, 2015, ¶¶ 2, 4. Petitioner further alleges that he experienced the residual effects of this injury for more than six months, and that he has received no prior award or settlement for this injury. Petition, ¶¶ 14, 16; Stipulation, ¶ 5. "Respondent denies that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities." Stipulation, ¶ 6.

---

[1] Because this unpublished decision contains a reasoned explanation for the action in this case, I intend to post it on the United States Court of Federal Claims' website, in accordance with the E-Government Act of 2002, Pub. L. No. 107-347, § 205, 116 Stat. 2899, 2913 (codified as amended at 44 U.S.C. § 3501 note (2006)). In accordance with Vaccine Rule 18(b), petitioner has 14 days to identify and move to redact medical or other information, the disclosure of which would constitute an unwarranted invasion of privacy. If, upon review, I agree that the identified material fits within this definition, I will redact such material from public access.

[2] National Childhood Vaccine Injury Act of 1986, Pub. L. No. 99-660, 100 Stat. 3755. Hereinafter, for ease of citation, all "§" references to the Vaccine Act will be to the pertinent subparagraph of 42 U.S.C. § 300aa (2012).

Nevertheless, the parties have agreed to settle the case. Stipulation, ¶ 7. On October 1, 2015, the parties filed a joint stipulation agreeing to settle this case and describing the settlement terms.

The Stipulation also includes an award of attorneys' fees and costs. Stipulation, ¶ 8(c). In accordance with General Order #9, petitioner's counsel asserts that petitioner incurred no out-of-pocket expenses. *Id.*

Respondent agrees to pay petitioner as follows:

a. A lump sum of $8,266.77 in the form of a check payable to petitioner and Optum, 75 Remittance Drive, Suite 6019, Chicago, Illinois 60675-6019. Petitioner agrees to endorse this payment to Optum. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of Joseph Lee Duran from the date of his eligibility for benefits through the date of judgement in this case as a result of his alleged vaccine-related injury suffered on or about November 20, 2013, under Title XIX of the Social Security Act;

b. A lump sum of $335,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a); and

c. A lump sum of $18,625.16 in the form of a check jointly payable to petitioner and petitioner's attorney, Jeffrey S. Pop, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

Stipulation, ¶ 8.

I adopt the parties' stipulation attached hereto, and award compensation in the amount and on the terms set forth therein. In the absence of a motion for review filed pursuant to RCFC Appendix B, the clerk of the court is directed to enter judgment in accordance with this decision.[3]

**IT IS SO ORDERED.**

> s/Nora Beth Dorsey
> Nora Beth Dorsey
> Chief Special Master

---

[3] Pursuant to Vaccine Rule 11(a), entry of judgment can be expedited by each filing a notice renouncing the right to seek review by a United States Court of Federal Claims judge.

IN THE UNITED STATES COURT OF FEDERAL CLAIMS
OFFICE OF SPECIAL MASTERS

| | |
|---|---|
| JOSEPH LEE DURAN, | ) |
| Petitioner, | ) |
| v. | ) No. 14-885V |
| | ) Chief Special Master Vowell |
| SECRETARY OF HEALTH AND HUMAN SERVICES, | ) |
| Respondent. | ) |

STIPULATION

The parties hereby stipulate to the following matters:

1. Joseph Lee Duran petitioner, filed a petition for vaccine compensation under the National Vaccine Injury Compensation Program, 42 U.S.C. §300aa-10 to 34 (the "Vaccine Program"). The petition seeks compensation for injuries allegedly related to petitioner's receipt of the influenza ("flu") vaccine, which is contained in the Vaccine Injury Table (the "Table"), 42 C.F.R. § 100.3 (a).

2. Petitioner received his flu immunization on November 12, 2013.

3. The vaccine was administered within the United States.

4. Petitioner alleges that the flu vaccine caused his alleged Guillain-Barre Syndrome ("GBS").

5. Petitioner represents that there has been no prior award or settlement of a civil action for damages on his behalf as a result of his condition.

6. Respondent denies that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

1

7. Maintaining their above-stated positions, the parties nevertheless now agree that the issues between them shall be settled and that a decision should be entered awarding the compensation described in paragraph 8 of this Stipulation.

8. As soon as practicable after an entry of judgment reflecting a decision consistent with the terms of this Stipulation, and after petitioner has filed an election to receive compensation pursuant to 42 U.S.C. § 300aa-21(a)(1), the Secretary of Health and Human Services will issue the following vaccine compensation paymenst:

a. A lump sum of $8,266.77 in the form of a check payable to petitioner and Optum, 75 Remittance Drive, Suite 6019, Chicago, Illinois 60675-6019. Petitioner agrees to endorse this payment to Optum. This amount represents full satisfaction of any right of subrogation, assignment, claim, lien, or cause of action the State of Illinois may have against any individual as a result of any Medicaid payments the State of Illinois has made to or on behalf of Joseph Lee Duran from the date of his eligibility for benefits through the date of judgment in this case as a result of his alleged vaccine-related injury suffered on or about November 20, 2013, under Title XIX of the Social Security Act;

b. A lump sum of $335,000.00 in the form of a check payable to petitioner. This amount represents compensation for all remaining damages that would be available under 42 U.S.C. §300aa-15(a); and

c. A lump sum of $18,625.16 in the form of a check jointly payable to petitioner and petitioner's attorney, Jeffrey S. Pop, for attorneys' fees and costs available under 42 U.S.C. § 300aa-15(e), and, in compliance with General Order #9, no out-of-pocket expenses were incurred by petitioner in proceeding on the petition.

9. Petitioner and his attorney represent that compensation to be provided pursuant to this Stipulation is not for any items or services for which the Program is not primarily liable under 42 U.S.C. § 300aa-15(g), to the extent that payment has been made or can reasonably be expected to be made under any State compensation programs, insurance policies, Federal or State health benefits programs (other than Title XIX of the Social Security Act (42 U.S.C. § 1396 et seq.)), or by entities that provide health services on a pre-paid basis.

2

10. Payments made pursuant to paragraph 8 of this Stipulation will be made in accordance with 42 U.S.C. § 300aa-15(i), subject to the availability of sufficient statutory funds.

11. The parties and their attorneys further agree and stipulate that, except for any award for attorneys' fees and litigation costs, and past unreimbursable expenses, the money provided pursuant to this Stipulation will be used solely for the benefit of petitioner as contemplated by a strict construction of 42 U.S.C. § 300aa-15(a) and (d), and subject to the conditions of 42 U.S.C. § 300aa-15(g) and (h).

12. In return for the payments described in paragraph 8, petitioner, in his individual capacity and on behalf of his heirs, executors, administrators, successors or assigns, does forever irrevocably and unconditionally release, acquit and discharge the United States and the Secretary of Health and Human Services from any and all actions or causes of action (including agreements, judgments, claims, damages, loss of services, expenses and all demands of whatever kind or nature) that have been brought, could have been brought, or could be timely brought in the Court of Federal Claims, under the National Vaccine Injury Compensation Program, 42 U.S.C. § 300aa-10 et seq., on account of, or in any way growing out of, any and all known or unknown, suspected or unsuspected personal injuries to or death of petitioner resulting from, or alleged to have resulted from, the flu vaccination administered on November 12, 2013, as alleged by petitioner in a petition for vaccine compensation filed on or about September 22, 2014, in the United States Court of Federal Claims as petition No. 14-885V.

13. If petitioner should die prior to entry of judgment, this agreement shall be voidable upon proper notice to the Court on behalf of either or both of the parties.

14. If the special master fails to issue a decision in complete conformity with the terms of this Stipulation or if the Court of Federal Claims fails to enter judgment in conformity with a

decision that is in complete conformity with the terms of this Stipulation, then the parties' settlement and this Stipulation shall be voidable at the sole discretion of either party.

15. This Stipulation expresses a full and complete negotiated settlement of liability and damages claimed under the National Childhood Vaccine Injury Act of 1986, as amended. There is absolutely no agreement on the part of the parties hereto to make any payment or to do any act or thing other than is herein expressly stated and clearly agreed to. The parties further agree and understand that the award described in this Stipulation may reflects a compromise of the parties' respective positions as to liability and/or amount of damages, and further, that a change in the nature of the injury or condition or in the items of compensation sought, is not grounds to modify or revise this agreement.

16. This Stipulation shall not be construed as an admission by the United States or the Secretary of Health and Human Services that the flu vaccine caused petitioner's alleged GBS, any other injury, or his current disabilities.

17. All rights and obligations of petitioner hereunder shall apply equally to petitioner's heirs, executors, administrators, successors, and/or assigns.

END OF STIPULATION

/
/
/
/
/
/
/

Respectfully submitted,

PETITIONER:

*[signature]*

JOSEPH LEE DURAN

ATTORNEY OF RECORD FOR PETITIONER:

*[signature]*

JEFFREY S. POP
Jeffrey S. Pop & Associates
9107 Wilshire Blvd., Suite 700
Beverly Hills, CA 90210
(310) 273-5462

AUTHORIZED REPRESENTATIVE OF THE ATTORNEY GENERAL:

*[signature]*

VINCENT J. MATANOSKI
Deputy Director
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146

AUTHORIZED REPRESENTATIVE OF THE SECRETARY OF HEALTH AND HUMAN SERVICES:

*[signature]*

A. MELISSA HOUSTON, M.D., M.P.H., FAAP
Director, Division of Injury
Compensation Programs
Healthcare Systems Bureau
U.S. Department of Health
and Human Services
5600 Fishers Lane
Parklawn Building, Mail Stop 11C-26
Rockville, MD 20857

ATTORNEY OF RECORD FOR RESPONDENT:

*[signature]*

CLAUDIA B. GANGI
Senior Trial Attorney
Torts Branch
Civil Division
U.S. Department of Justice
P.O. Box 146
Benjamin Franklin Station
Washington, DC 20044-0146
(202) 616-4138

Dated: 10-1-15

5